IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CHRISTOPHER E. LAURIE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 05-1880-AA |
| | ) | OPINION AND ORDER |
| vs. | ) | |
| | ) | |
| JEAN HILL, Superintendent, | ) | |
| Snake River Correctional | ) | |
| Institute, | ) | |
| | ) | |
| Respondent. | ) | |

Amy M. Baggio
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
    Attorney for petitioner

Hardy Myers
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301
    Attorneys for respondent

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Petitioner brings this federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 1998 convictions for rape, attempted rape, sexual abuse, and sodomy on the grounds that petitioner received ineffective assistance of counsel. The petition is denied and this case is dismissed.

## BACKGROUND

On January 14, 1998, a jury for the Lincoln County Circuit Court convicted petitioner Christopher Laurie ("petitioner") of two counts of rape in the first degree, one count of attempted rape, five counts of sexual abuse in the first degree, and two counts of sodomy in the first degree. During the sentencing hearing, the prosecutor revealed that subsequent to petitioner's conviction, petitioner confessed to having molested the victim, a seven to eight-year-old girl. Petitioner's attorney confirmed petitioner's confession and argued for leniency due to petitioner's acceptance of responsibility. Petitioner was sentenced to consecutive and concurrent terms of imprisonment totaling 150 months.

Petitioner directly appealed his conviction and sentence. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Petitioner then filed a petition for post-conviction relief. The Malheur County Circuit Court denied relief on each claim. Upon petitioner's appeal, the Oregon Court of Appeals affirmed without written opinion, and the

Oregon Supreme Court denied review.

In his Petition for Writ of Habeas Corpus, petitioner alleges ineffective assistance of counsel based upon three claims for relief. In his supporting memorandum, however, petitioner narrows his petition to a single claim: petitioner alleges ineffective assistance of counsel due to his trial attorneys' failure to object to jury instructions expanding the criminal time frame beyond that which was specified in petitioner's indictment. Specifically, petitioner's indictment alleges that he sexually abused the victim between April 15 and June 30, 1994, and between May 1 and September 30, 1994.[1] At trial, however, the court gave the following jury instruction:

> Although the state must prove beyond a reasonable doubt that the crime occurred, the exact date when the crime was committed is not a material element. It is sufficient if the state established that the crime, if any, occurred between the dates March 21, 1991 and March 21, 1997.

Petitioner argues that the expansion of the time frame from a period of six months in the indictment to a period of six years in the jury instruction deprived him of his constitutional due process rights.

DISCUSSION

---

[1] Two counts of sexual abuse are alleged to have occurred between April 15 and June 30, 1994; the remaining counts of sexual abuse, rape, attempted rape, and sodomy are alleged to have occurred between May 1 and September 30, 1994.

Page 3 - OPINION AND ORDER

A.  <u>Standard of Review for Writ of Habeas Corpus</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts must afford state court factual findings and legal rulings a defined measure of deference.  <u>See</u> 28 U.S.C. §§ 2254(d), (e).  A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  28 U.S.C. § 2254(d).  The Supreme Court construed this statutory text as a "command that a federal court not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case."  <u>Williams v. Taylor</u>, 529 U.S. 362, 381 (2000).

The Ninth Circuit has found that the "contrary to" and "unreasonable application" standards are flexible and not amenable to rigid distinction.  <u>Davis v. Kramer</u>, 167 F.3d 494, 500 (9th Cir. 1999).  These terms ensure that state courts follow controlling Supreme Court law.  <u>Id.</u>

In sum, federal courts are prevented from granting habeas relief to a state petitioner where the relevant decision is not "contrary to" or "an unreasonable application of" Supreme Court

Page 4 - OPINION AND ORDER

precedent. Crater v. Galaza, 491 F.3d 1119, 1126 (9th Cir. 2007). Further, a "merely erroneous" state decision does not warrant relief unless it is also "'an *unreasonable application*' of clearly established federal law." Early v. Packer, 537 U.S. 3, 11 (2002)(emphasis in original).

B. Deference to State Court Determination

Petitioner argues that this court owes no deference to the state court's decision denying petitioner's claims for post-conviction relief. In support, petitioner cites Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005), for the proposition that decisions of a state post-conviction court applying a "more probable than not" standard to ineffective assistance of counsel claims are contrary to Supreme Court precedent. In Cooper-Smith, the Oregon post-conviction court applied a "more probable than not" standard to petitioner's ineffective assistance of counsel claim, thus requiring the Court to review de novo petitioner's claim. 397 F.3d at 1243. Instead, the post-conviction court must apply a "reasonable probability" standard when adjudicating ineffective assistance of counsel cases, as required by Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Supreme Court held that in order to establish ineffective assistance of counsel, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

Page 5 - OPINION AND ORDER

proceeding would have been different.  466 U.S. at 687.

Here, however, there is no evidence that the post-conviction court applied a "more probable than not" standard to petitioner's ineffective assistance of counsel claim.  Instead, that court ruled: "Petitioner had an opportunity to contest the separate incidents alleged and was not prevented from urging a defense by the court's instruction...there was no basis for counsel to object.  Additionally, petitioner has not demonstrated that he was in any way prejudiced by the court's instructions."  In essence, the post-conviction court found that (1) trial counsel's failure to object to the jury instruction was objectively reasonable because he had no basis to object, and (2) the result of the proceeding would not have been different because petitioner could not demonstrate that he was prejudiced in any way.  Petitioner has not provided any evidence that the post-conviction court's decision applied an improper standard contradicting the governing law set forth in Supreme Court cases. Therefore, the AEDPA requires this court to grant deference to the legal rulings of the post-conviction court.  That court accurately reviewed the record and correctly found that petitioner's trial counsel provided effective assistance of counsel.

C.  Petitioner's Ineffective Assistance of Counsel Claim

Nonetheless, even if this court were to review *de novo* petitioner's ineffective assistance of counsel claim, this court

Page 6 - OPINION AND ORDER

would reach the same conclusion as the post-conviction court. The purpose of the effective assistance requirement is "to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684 (1984). "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). Accordingly, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. Thus, the ultimate question is not whether the defendant would more likely than not have received a different verdict but whether he received a fair trial, the result of which is reliable. Strickland, 466 U.S. at 687.

    Here, petitioner alleges that the enlargement of the time frame in the indictment to a period of six years in the jury instructions gave him insufficient notice of the charges against him and prevented an opportunity for him to present an alibi defense for that time period. Specifically, petitioner alleges that had he known that a period of six years was at issue rather than a period of five months, he could have presented evidence that, for example, "he was living in Rhode Island" for a few of those years. However, during petitioner's trial, the State

Page 7 - OPINION AND ORDER

presented evidence that related only to those events of sexual abuse alleged in petitioner's indictment; no new charges were brought or evidence presented that moved beyond the events described in the indictment. Even assuming petitioner had presented evidence that he lived in Rhode Island for a few years prior to the alleged sexual abuse, that evidence would have been irrelevant as an alibi to events that occurred during the period of time that petitioner admits to residing with the victim's family.

Further, the verdict forms given to the jury specifically detailed each event to which the individual charge pertained; those events referenced on the jury verdict forms constituted the basis for both petitioner's grand jury indictment and criminal jury trial. As the post-conviction court observed, "the trial proceeded [on] the abuse alleged in the indictment" and petitioner "was not prevented from urging a defense by the court's instructions." Petitioner's trial counsel's failure to object to the jury instructions cannot be said to have so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. Therefore, petitioner's writ of habeas corpus is denied.

## CONCLUSION

Under the Antiterrorism and Effective Death Penalty Act, this court must defer to the decision of the post-conviction court. Petitioner's trial counsel's representation was not

Page 8 - OPINION AND ORDER

constitutionally deficient, nor did petitioner affirmatively prove actual prejudice as required by <u>Strickland</u>.  Therefore, petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 (doc. 1) is denied.  This case is dismissed.

IT IS SO ORDERED.

       Dated this <u> 5 </u> day of December 2007.

                          <u>    /s/ Ann Aiken    </u>
                              Ann Aiken
                    United States District Judge